NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

NOV 21 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JUVENCIO MORALES LOPEZ, Petitioner, v. WILLIAM P. BARR, Attorney General, Respondent. | No. 16-73821 Agency No. A072-713-321 MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 18, 2019[**]

Before:    CANBY, TASHIMA, and CHRISTEN, Circuit Judges.

Juvencio Morales Lopez, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's decision denying cancellation of removal. Our jurisdiction is governed by 8 U.S.C. § 1252. We review de novo question of law, including claims of due process violations. *Padilla-Martinez v. Holder*, 770 F.3d 825, 830

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

(9th Cir. 2014). We dismiss in part and deny in part the petition for review.

We lack jurisdiction to review the agency's discretionary determination that Morales Lopez did not show exceptional and extremely unusual hardship to his U.S. citizen son. *See Vilchiz-Soto v. Holder*, 688 F.3d 642, 644 (9th Cir. 2012) (absent a colorable legal or constitutional claim, the court lacks jurisdiction to review the agency's discretionary determination regarding hardship). Morales Lopez's contentions that the BIA refused to consider evidence, applied the wrong standard, or conflated legal and factual questions are not supported, and therefore do not raise a colorable claim to invoke jurisdiction. *See Martinez-Rosas v. Gonzales*, 424 F.3d 926, 930 (9th Cir. 2005) ("To be colorable in this context, . . . the claim must have some possible validity." (citation and internal quotation marks omitted)). Thus, we do not address Morales Lopez's contentions regarding whether his son may still be considered a qualifying relative.

Morales Lopez has not demonstrated the BIA violated due process or its own regulations in sua sponte issuing an amended order, where he has not shown prejudice. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) ("To prevail on a due process challenge to deportation proceedings, [petitioner] must show error and substantial prejudice. A showing of prejudice is essentially a demonstration that the alleged violation affected the outcome of the proceedings[.]" (citations omitted)); *Kohli v. Gonzales*, 473 F.3d 1061, 1066-67 (9th Cir. 2007) (requiring a

showing of prejudice to demonstrate a regulatory violation).

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**